UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Julio S. Calvario Garcia, | Case No. 2:25-cv-02177-CDS-EJY |
| Plaintiff | **Order Denying Without Prejudice the Plaintiff's Motion for Judgment on the Pleadings and Motion for Default Judgment** |
| v. | |
| Pam Bondi, et al., | [ECF Nos. 5, 6] |
| Defendants | |

Pro se plaintiff Julio S. Calvario Garcia brings this immigration action against various defendants.[1] *See* Compl., ECF No. 1. Calvario Garcia has also filed a motion for judgment on the pleadings and a motion for default judgment. Mots., ECF Nos. 5, 6. Because proper service has not yet been effectuated, Calvario Garcia's motions are denied without prejudice.

I.    **Discussion**

Under the Federal Rules of Civil Procedure, plaintiff has the burden to establish that he properly and timely effectuated service of process upon a defendant. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) . . . ."). "Service of process" is the legal term describing a formal delivery of documents giving the defendant notice of a pending lawsuit. *R. Griggs Group Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1103 (D. Nev. 1996) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988)). "Service of process is the means by which a court asserts jurisdiction over the person." *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 597 (D. Nev. 2015) (quoting *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007)). The proper method of service depends on who the defendant is and where the defendant is located.

---

[1] Pam Bondi, the Attorney General of the United States; Joseph Mazzara, U.S. Department of Homeland Security's Office of General Counsel; Charles Wall, U.S. Department of Homeland Security's Office of the Principal Legal Adviser Immigration and Customs Enforcement; and Shelby Stunt, U.S. Customs and Border Patrol's Office of Chief Counsel.

As relevant here, to sue the United States, a federal agency, or a federal employee, a plaintiff must comply with the special service-of-process rules under Rule 4(i) of the Federal Rules of Civil Procedure. To sue a federal agency or a federal employee in their official capacity, a plaintiff must both (1) satisfy the requirements for serving the United States and (2) send a summons and copy of the complaint by registered or certified mail to the specific agency or employee being sued. Fed. R. Civ. P. 4(i)(2).

To satisfy the Rule 4(i) requirements for serving the United States, a plaintiff must meet three requirements. First, a plaintiff must either personally deliver a summons and a copy of the complaint to the United States Attorney in the district where the action is brought, or send a copy of each by registered or certified mail to the U.S. Attorney's civil-process clerk in that district. Fed. R. Civ. P. 4(i)(1)(A)(i–ii). Second, a plaintiff must send a summons and copy of the complaint to the United States Attorney General in Washington, D.C., by registered or certified mail. Fed. R. Civ. P. 4(i)(1)(B). And while not relevant here, the third requirement is that if the lawsuit involves a non-party federal agency or officer, the plaintiff must send a summons and copy of the complaint to that entity or person by registered or certified mail. Fed. R. Civ. P. 4(i)(1)(C).

The service-of-process requirements for suing a federal employee in their personal capacity is similar, but slightly different. First, a plaintiff must (1) satisfy the above-listed requirements for serving the United States and (2) serve the employee in compliance with Rule 4(e), (f), or (g), whichever subsection is applicable. *See* Fed. R. Civ. P. 4(i)(3).

Once a defendant has been served with a summons and complaint, then their time to respond begins to run. However, if a defendant has not been served "there is no personal jurisdiction." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (citing *Beecher v. Wallace*, 381 F.2d 372 (9th Cir. 1967)).

Here, Calvario Garcia has satisfied the second prong of suing the United States because he has sent a summons and copy of the complaint to the U.S. Attorney General in Washington,

D.C., by registered or certified mail. *See* ECF No. 4 (copy of summonses and certified mail receipts). But Calvario Garcia failed to satisfy the first requirement. Specifically, he has failed to provide proof that he either personally delivered a summons and a copy of the complaint to the United States Attorney for the District of Nevada or that he sent a copy of each by registered or certified mail to the U.S. Attorney's civil-process clerk for the District of Nevada. Consequently, this court lacks jurisdiction over the defendants. And, until a defendant has been served under Rule 4, a plaintiff is not entitled to serve papers under Rule 5 before the defendant or defendants have been properly served under Rule 4. *See Kaden v. Chamisa Arts, Inc..*, 2016 WL 7616692, at *3 (W.D. Tex. July 15, 2016) ("[F]or any defendants who the plaintiff has not yet properly served, she must serve them with the summons, complaint, and amended complaint." (citation modified)). This means that plaintiffs motions are also improperly filed, so they are denied without prejudice.

This action was filed almost three months ago, so the court reminds Calvario Garcia that to timely effect service on the United States, he must serve a copy of the summons and complaint upon the Attorney General of the United States *and* the local United States Attorney within 120 days after filing of the complaint. Fed. R. Civ. P. 4(i), (m). If he fails to do so, then this action must be dismissed without prejudice against the defendants, or the court must order that service be made within a specified time. *Id.*

## II.   Conclusion

IT IS THEREFORE ORDERED that plaintiff's motion for judgment on the pleadings **[ECF No. 5] is DENIED without prejudice**.

IT IS FURTHER ORDERED that plaintiff's motion for default judgment **[ECF No. 6] is DENIED without prejudice**.

Dated: January 22, 2026

_____
Cristina D. Silva
United States District Judge

3