UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JULIO S. CALVARIO GARCIA,

Plaintiff,

v.

PAM BONDI, et al.,

Defendants.

Case No. 2:25-cv-02177-CDS-EJY

**ORDER**

Pending before the Court is Plaintiff's Motion to Consider (ECF No. 18).  Plaintiff contends he does not want counsel to assist him and believes the Federal Public Defender ("FPD") is engaged in conduct that is counter to his best interest.  *Id*.

I reviewed the documents provided by Plaintiff, which include correspondence from the FPD.  I find that those communications do not support the conclusion that there are any "false facts" asserted or "hidden bad intentions" expressed.  Rather, the documents demonstrate an effort by the FPD to provide counsel to Plaintiff who is not proceeding in the manner he must in order to obtain the relief he seeks.

Moreover, Plaintiff does not have the absolute right to self-representation in a federal habeas action, which is the proper format for his proceeding.  *See Lisle v. Baker*, Case No. 2:03-cv-01005-JCM-CWH, 2016 WL 4411495, at *2 (D. Nev. Aug. 16, 2016) ("Lisle does not have a right to self-representation in this federal habeas corpus action") *citing Martinez v. Court of Appeals of California*, 528 U.S. 152 (2000) (holding that the right to represent oneself at trial pursuant to *Faretta v. California*, 422 U.S. 806 (1975), does not extend to appellate proceedings); *Tamalini v. Stewart*, 249 F.3d 895, 901-02 (9th Cir. 2001); *Fletcher v. Beard*, Case No. 10-3188, 2016 WL 2866431, at *3 (E.D. Penn. May 16, 2016) ("Although the federal statute guarantees Petitioner a right to counsel, it makes no mention of Petitioner's right to self-representation in habeas corpus proceedings.  Moreover, the United States Constitution does not bestow upon Petitioner a right to self-representation.  Therefore, it is entirely within the Court's discretion whether Petitioner should be

allowed to remove counsel and proceed pro se in this habeas corpus matter.") (internal citations omitted); *Stankewitz v. Ayers*, Case No. CIV F-91-616-AWI-P, 2007 WL 4522610, at *1 (E.D. Cal. Dec. 18, 2007) ("The right to self-representation does not extend to post-conviction proceedings, but remains within the discretion of the Court.").

Finally, I take this opportunity to explain to Plaintiff that his request for default is premature as no defendant has been served. *Spann v. Cox Communication*, Case No. 2:23-cv-00093-GMN-EJY, 2024 WL 7287495 (D. Nev. Oct. 16, 2023). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure 4]." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). If Plaintiff wants to ensure effective service of the proper defendants in this matter, I am certain the FPD is able to provide that assistance.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Consider (ECF No. 18) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Clerk's Default (ECF No. 15) is DENIED without prejudice.

IT IS FURTHER ORDERED that I defer to the Federal Public Defender regarding whether there is a conflict requiring a request to withdraw.

Dated this 15th day of April, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2