UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Julio S. Calvario Garcia,<br>Plaintiff<br>v.<br>Pam Bondi, et al.,<br>Defendants | Case No. 2:25-cv-02177-CDS-EJY<br>**Order Denying Plaintiff's Motion for Default**<br>[ECF No. 32] |

Pro se plaintiff Julio Calvario Garcia moves, for a fourth time, for default against defendants Pam Bondi and Aaron Ford. ECF No. 32. Bondi filed an opposition, arguing that entry of default is improper because service has not been effected. ECF No. 33. She further asserts that, although she was not properly served, she has filed a motion to dismiss. *Id.*

In January 2026, I denied Calvario Garcia's first request for the entry of default judgment because the defendants were not properly served. *See* ECF Nos. 6, 7. That order explained that a plaintiff must comply with the special service-of-process rules under Federal Rule of Civil Procedure 4(i) and discussed the requirements Calvario Garcia must meet to satisfy the rule. ECF No. 7. Calvario Garcia then amended his complaint, ECF No. 8, but that complaint was never served on Bondi or Ford.[1] Calvario Garcia then filed a second and third request for default. ECF Nos. 15, 22. U.S. Magistrate Judge Elayna J. Youchah denied those as premature because no defendant had been served. ECF No. 19 at 2; ECF No. 27. Three days later, Calvario Garcia filed his fourth motion seeking the entry of a clerk's default. ECF No. 32. Shortly thereafter, the magistrate judge again advised Calvario Garcia that "no return of service had been filed demonstrating any defendant was effectively served with his Amended Complaint" and

[1] The amendment also removed as defendants Joseph Mazzara, U.S. Department of Homeland Security's Office of General Counsel; Charles Wall, U.S. Department of Homeland Security's Office of the Principal Legal Adviser Immigration and Customs Enforcement; and Shelby Stunt, U.S. Customs and Border Patrol's Office of Chief Counsel.

although Bondi has appeared to defend against this lawsuit, "service of process remains incomplete with respect to named Defendant Aaron Ford." ECF No. 31.

"A default may not enter against a defendant unless the plaintiff has properly served the defendant." *See Chambers v. Knight*, 2019 WL 1923936, at *2 (S.D. Cal. Apr. 30, 2019) (collecting cases). Here, there is no indication that any defendant has been served. Therefore, default cannot be entered against them.

Further, such an entry of default is only appropriate when a defendant "has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). A failure to defend occurs when a party does not appear in an action by way of presentation or submission to the court. *See Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 927–28 (9th Cir. 2004) (stating that courts have found that a defendant did appear where it evidenced an intent to defend itself). As evidenced by the filings, Bondi has appeared and defended this action. *See e.g.*, ECF No. 28; ECF No. 29; ECF No. 33; ECF No. 38; ECF No. 41. Therefore, default is improper and cannot be entered against her.

Finally, Calvario Garcia was ordered to demonstrate effective proof of service on Ford by June 4, 2026, ECF No. 31, but no proof of service is filed. Therefore, Calvario Garcia must provide proof that Ford was served in compliance with Rule 4 by November 10, 2026. Failure to comply by that date will result in the dismissal of Aaron Ford without prejudice and without further notice.

## Conclusion

It is hereby ordered that the plaintiff's motion for entry of default **[ECF No. 32] is DENIED.**

It is further ordered that the plaintiff must demonstrate effective proof of service on defendant Aaron Ford by November 11, 2026. Failure to do so by that date will result in the dismissal of Aaron Ford without prejudice and without further notice.

Dated: October 28, 2026

______________________________
Cristina D. Silva
United States District Judge